UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| RUSTY BRITO<br><br>Plaintiff,<br><br>-v-<br><br>UNIVERSAL MUSIC GROUP, SONGS OF UNIVERSAL, and UNIVERSAL MUSIC CORPORATION<br><br>Defendants. |

26-cv-4750 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

After careful consideration of the parties' briefing and oral argument, the Court dismisses plaintiff's complaint in full on the following grounds: First, the declaratory judgment claim is dismissed for failure to adequately plead mutual intent of joint ownership in the sound recording copyright for the songs "Shake" and "Squalie." See Childress v. Taylor, 945 F.2d 500, 507-08 (2d Cir. 1991) (a "co-authorship claimant bears the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors"). Although publicly crediting plaintiff as a "featured artist" on the sound recordings may provide some evidence in plaintiff's favor, without more, that evidence of intent is undercut by the fact that the album copyrights for both songs name Roc-A-Fella Records as the sole copyright claimant. See Thomas v. Larson, 147 F.3d 195, 201 (2d Cir. 1998) (taking into account, inter alia, "the way in which the parties bill or credit themselves").

Second, to the extent the accounting claim is for master royalties, it is dismissed on the grounds that the underlying ownership claim in the sound recording copyright is insufficiently pleaded. To the extent the accounting claim is for publishing royalties, the Court lacks jurisdiction over a standalone accounting claim where there is no dispute over the underlying copyright ownership. See Iza Music Corp. v. W&K Music Corp., 995 F. Supp. 417, 418 (S.D.N.Y. 1996). The Court declines to exercise supplemental jurisdiction over a state-law claim when the only claims over which the Court would have original jurisdiction have been dismissed.

Third, the unjust enrichment claim is dismissed because it is preempted by the Copyright Act. Plaintiff's unjust enrichment claim concerns a type of work (sound recordings) already protected under federal law and "seeks to vindicate" rights "equivalent to one of the bundle of exclusive rights already protected by copyright law." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). The "administrative cooperation and documentation" plaintiff provided to defendants has no bearing on whether defendants were unjustly enriched by the retention of royalty payments and therefore does not provide an "extra element" that would save plaintiff's claim from preemption. Id. at 305.

Finally, the promissory estoppel claim is dismissed because the complaint fails to plead a sufficiently clear and unambiguous promise, reasonable reliance on that promise, or injury. Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000).

All of these grounds for dismissal are essentially for the reasons stated in defendants' papers on their motion to dismiss. The dismissal, however, is without prejudice to the plaintiff seeking to promptly amend his complaint by no later than August 28, 2026. If plaintiff does not seek to amend his complaint, a full opinion will follow in due course.

If plaintiff files an amended complaint on or before August 28, 2026, and defendants wish to renew their motion to dismiss, the parties should jointly call Chambers to set a briefing schedule on the motion.

SO ORDERED.

New York, NY
August 21, 2026

JED S. RAKOFF, U.S.D.J.